IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 22-cv-00646-RM-STV

MARGUERITE LAINEE FLANIGAN,

    Plaintiff,

v.

ANGLOGOLD ASHANTI NORTH AMERICA, INC.,

    Defendant.

**ORDER**

    This employment case is before the Court on the Recommendation of United States Magistrate Judge Scott T. Varholak (ECF No. 25) to grant in part and deny in part Defendant's Partial Motion to Dismiss (ECF No. 11). The Recommendation advised that specific written objections were due within fourteen days after being served a copy of the Recommendation. More than fourteen days have elapsed since the Recommendation was issued, and no objection has been filed. For the reasons below, the Court accepts the recommendation, which is incorporated into this order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

    "In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991).

    As outlined in the Recommendation, Plaintiff was employed by Defendant for more than eight years. She alleges she was treated differently after announcing her pregnancy and that a male employee with significantly less experience than her whom she supervised was promoted to a position she also applied for and became her supervisor. After complaining to human

resources and receiving an unsatisfactory response, she filed a charge of discrimination and retaliation on the basis of sex with the Equal Employment Opportunity Commission ("EEOC") and the Colorado Civil Rights Division. Months later she announced her resignation and was immediately fired.

Upon receiving the EEOC's "right to sue" letter, she filed this lawsuit, asserting claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Colorado Anti-Discrimination Act. Defendant moved to dismiss only the retaliation claims.

Defendant's Motion was referred to the magistrate judge, who concluded that Plaintiff failed to exhaust her retaliation claims to the extent they were premised on a constructive discharge. However, to the extent such claims were premised on other conduct by Defendant, the magistrate judge concluded they were sufficiently pled. Accordingly, the magistrate judge recommended that Defendant's Motion be granted in part and dismissed in part.

The Court discerns no error on the face of the record and agrees with the magistrate judge's analysis of the issues presented in Defendant's Motion. *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection).

Therefore, the Court ACCEPTS and ADOPTS the recommendation (ECF No. 25), and GRANTS IN PART and DENIES IN PART Defendant's Motion (ECF No. 11).

DATED this 4th day of January, 2023.

                                                      BY THE COURT:

                                                      RAYMOND P. MOORE
                                                      United States District Judge